[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15448

_____

D. C. Docket No. 05-00238-CV-JOF-1

STARSHIP ENTERPRISES OF ATLANTA, INC.,

Plaintiff-Appellant,

versus

FULTON COUNTY, a political
subdivision of the state of
Georgia,
JOHN H. EAVES, Fulton County Commission
Chairperson, in his official capacity,
LYNNE RILEY,
EMMA I. DARNELL,
WILLIAM EDWARDS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 19, 2007)**

Before TJOFLAT, HULL and WILSON, Circuit Judges.

HULL, Circuit Judge:

Plaintiff Starship Enterprises of Atlanta, Inc. ("Starship") appeals the district court's order dismissing Starship's complaint challenging the constitutionality of defendant Fulton County's zoning regulations for adult bookstores, as well as its denial of Starship's motions for preliminary injunction and to compel discovery.

## I. STARSHIP'S RETAIL STORE

Starship operates retail stores that sell books, magazines, apparel, gifts, and novelties. Some of its inventory is sexually explicit. Starship planned to open a new store in Fulton County that contained less than 25% sexually explicit materials. Starship expressly wanted a store with less than 25% sexually explicit merchandise because then Starship would not be subject to Fulton County's zoning regulations on the location of adult bookstores.[1] Accordingly, on March 24, 2004, Starship submitted to Fulton County an application for a business license to

---

[1]Fulton County regulates "adult" establishments, including adult bookstores, within its boundaries through a comprehensive scheme of zoning regulations contained in the Fulton County Zoning Resolution ("FCZR"). Specifically, the FCZR requires adult bookstores to acquire a special "adult use permit" before they can operate as a business. FCZR, § 19.4.1. The FCZR further mandates that adult bookstores, among other things, not be located within 1000 feet of any residential- or agricultural-zoned property, any public recreational facilities, or any public or private institutional use property, which includes churches, schools, libraries, and day care centers. Id. The FCZR defines an "adult bookstore" as any "establishment or facility licensed to do business in Fulton County having a minimum of 25 percent of its stock in trade" as sexually explicit merchandise. FCZR, § 3.3.1A.

operate a retail store with <u>less</u> than 25% of its stock in trade devoted to sexually explicit materials. Fulton County ultimately granted Starship a business license for a store with less than 25% sexually explicit merchandise. Starship placed its inventory in the store and applied for a certificate of occupancy.

On September 27, 2004, Fulton County code enforcement personnel inspected the proposed location, at which time Starship's counsel informed County officials that if they disagreed with the percentage of material considered "adult," Starship would adjust its inventory. Two days later, Steven Cover, the director of the County's Department of Environment and Community Development, sent Starship a letter stating that Cover had concluded that Starship's proposed store was an adult bookstore and required a special use permit. Fulton County never issued Starship a certificate of occupancy. Further, at all times in this case Starship contended its merchandise was less than 25% sexually explicit and that it was not subject to Fulton County's adult bookstore zoning regulations. Indeed, the City of Sandy Springs has now incorporated over the area where Starship's proposed store was located, thereby divesting Fulton County of jurisdiction. Starship subsequently obtained a permit from Sandy Springs and is currently operating its store.

Starship did not challenge Fulton County's 25% determination either

3

administratively (through Fulton County's Board of Zoning Appeals) or through the state courts. Starship did not apply for a special use permit to operate as an adult bookstore, because it always wanted to have, and contended it had, a store with less than 25% sexually explicit materials.

## II.  STARSHIP'S § 1983 LAWSUIT

Before Sandy Springs incorporated and Fulton County lost jurisdiction, Starship filed a 42 U.S.C. § 1983 lawsuit against Fulton County and others, alleging that its adult use zoning regulations were unconstitutional, both facially and as applied to Starship. In its complaint, Starship requested both injunctive relief and monetary damages. The district court dismissed the action as unripe, and Starship appealed.

At oral argument, counsel for Starship acknowledged that Sandy Springs had granted Starship a general use business license in March 2007, and that the store at issue had been open since that time. Therefore, Starship's claims for injunctive relief against Fulton County are now moot. See Elend v. Basham, 471 F.3d 1199, 1207 (11th Cir. 2006) ("[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.") (omission in original) (quotation marks and citations omitted); 31 Foster Children v. Bush, 329 F.3d 1255, 1263 (11th Cir.

4

2003) (holding that plaintiffs' claims for prospective injunctive relief were moot because the plaintiffs "cannot be further harmed by the defendants' alleged illegal practices").[2]

Starship's claims for damages against Fulton County have not been mooted simply because Starship eventually obtained from Sandy Springs the license and occupancy it sought. Nevertheless, we conclude that Starship, which always intended to operate a store with less than 25% sexually explicit materials, lacks the requisite standing to pursue claims concerning Fulton County's adult bookstore zoning regulations which Starship claims never applied to Starship.[3]

---

[2]After Sandy Springs' incorporation, Starship amended its complaint to add Sandy Springs as a defendant. Starship asserted claims for injunctive relief against both Fulton County and Sandy Springs.

Starship appealed the denial of its motion for an injunction against Sandy Springs, but after it received the license from Sandy Springs and began to operate in March 2007, Starship joined in a consent motion, which this Court granted, to dismiss Sandy Springs as an appellee.

[3]We note that the district court dismissed Starship's claims on the grounds of ripeness rather than standing, and the parties have therefore addressed their arguments to the former issue; however, "we are obliged to consider questions of standing regardless of whether the parties have raised them." Sierra Club v. Tennessee Valley Auth., 430 F.3d 1337, 1344 (11th Cir. 2005) (quotation marks and citation omitted). Although questions of ripeness and standing can at times overlap, see, e.g., MedImmune, Inc. v. Genentech, Inc., ___ U.S. ___, 127 S. Ct. 764, 772 n.8 (2007); Women's Emergency Network v. Bush, 323 F.3d 937, 945 n.10 (11th Cir. 2003), here the issue is appropriately determined under standing doctrine because the case's justiciability turns not on whether Starship's action is premature but whether Starship – as an ostensibly non-adult business that contends it was never properly subject to Fulton County's adult use regulations – is a proper party to challenge those regulations, see Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 760 n.3 (11th Cir. 1991) (distinguishing standing from ripeness because "where standing is at issue the question regarding the existence of an actual injury arises from the identity of the parties rather than . . . the non-occurrence of events in the causal chain which may or may not occur").

Standing to sue in federal court contains three constitutional requirements. First, the plaintiff must have experienced an "injury in fact." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1992) (quotation marks and citation omitted). Such injury must be "concrete and particularized" as well as "actual or imminent." Id. (quotation marks and citation omitted). Second, the plaintiff's injury must be "fairly traceable to the challenged action of the defendant." Id. (omission and alteration omitted). Third, there must be a likelihood that the plaintiff's injury would be "redressed by a favorable decision." Id. (quotation marks and citation omitted).

Certainly Starship has suffered an actual, concrete injury – the inability to open its store until Sandy Springs eventually granted it a license and permitted occupancy of the store. However, Starship's injury is not "fairly traceable" to the Fulton County adult use zoning regulations that it challenges. By its terms, that zoning scheme applies only to adult bookstores, that is, to stores whose merchandise is at least 25% sexually explicit.[4] And Starship has consistently maintained that: (1) it intended to operate a non-adult, general use bookstore; and (2) its store's percentage of adult merchandise was always less than 25%. Thus, accepting Starship's allegations as true (which we must, as this appeal arises from

_____

    [4]See footnote 1, supra.

6

a Rule 12 dismissal), Starship's inability to open its store was caused not by Fulton County's adult bookstore regulations, but by Fulton County's erroneous determination that Starship's inventory was one-quarter or more sexually explicit. Indeed, Sandy Springs determined that Starship's inventory was less than 25% sexually explicit and granted Starship the required license and permitted occupancy of the store.[5]

Standing doctrine requires that a plaintiff's injury "result[] from the putatively illegal action." CAMP Legal Defense Fund, Inc. v. City of Atlanta, 451 F.3d 1257, 1270 (11th Cir. 2006) (quoting Warth v. Seldin, 422 U.S. 490, 499, 95 S. Ct. 2197, 2205 (1975)). For that reason, in CAMP we held that an organization whose city festival permit application had been denied had standing to challenge only those portions of the city festival ordinance which applied to it or served as a basis for the city's permit denial. See id. at 1274-77.

In determining whether a challenged regulation applies to the plaintiff, the plaintiff's intent to come within the regulation is crucial. See id. at 1276 ("All that constitutional standing requires is that the provision of the ordinance applies to CAMP. The 90-day advance application requirement affected CAMP because

_____

[5]Starship could have appealed Fulton County's erroneous 25% determination to the Board of Zoning Appeals, or at least challenged it in state court. However, Starship did not pursue the remedies available to challenge Fulton County's factual determination.

[CAMP] evidenced an intent to hold an outdoor festival that required a permit . . . ." (citation omitted)); Tanner Adver. Group, LLC v. Fayette County, Ga., 451 F.3d 777, 791 (11th Cir. 2006) (en banc) (holding that a plaintiff who challenged a county sign ordinance after his sign permit was denied lacked standing to challenge the ordinance's "Attention-getting devices" provision because "[t]he record is devoid of any evidence that [the plaintiff] ever intended to use 'Attention-getting devices' . . . .").  Here, Starship's unequivocal intent was to operate a general use business, not an adult bookstore that required a special use permit and was subject to special zoning regulations.  Because Starship neither attempted nor intended to come within the Fulton County adult use zoning scheme, the injury it suffered cannot be "fairly traceable" to that scheme.[6]  Consequently, Starship lacks standing to bring its constitutional challenge to the FCZR's adult bookstore provisions.  To hold otherwise would permit a federal court to render an improper advisory opinion on the constitutionality of Fulton County's zoning regulations.  See Int'l Soc'y for Krishna Consciousness v. Eaves, 601 F.2d 809, 817-18 (5th Cir. 1979)[7] ("[The judiciary's] responsibility, broad as it is, does not amount to an

---

[6]Because Starship cannot satisfy the traceability requirement, we need not reach the third standing requirement, redressability.

[7]Former Fifth Circuit decisions rendered before October 1, 1981 are binding precedent in the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

8

unlimited power to survey the statute books and pass judgment on laws . . . . [T]he plaintiff [must be] seriously interested in disobeying . . . the challenged measure.") (quotation marks and citations omitted).[8]

For the foregoing reasons, to the extent Starship appeals the denial of injunctive relief against Fulton County, we dismiss the appeal as moot. With respect to the remainder of Starship's appeal, we affirm.

**AFFIRMED IN PART; APPEAL DISMISSED IN PART.**

---

[8]As Starship's claims are not justiciable, we do not reach the merits of Starship's appeal of the district court's denial of its motion to compel discovery.